### William M. Simpson *vs.* James H. Carleton.

Evidence of keeping a shop, from which goods are taken by replevin against the keeper, which is afterwards discontinued, is sufficient evidence of title in him to be submitted to the jury in trover against the plaintiff in replevin.

Action of tort by the assignee in insolvency of Jabez Alex-ander, for the conversion of a stock of goods of the insolvent. Trial in the superior court in Essex at September term 1859, before *Morton,* J., who reported to this court the following case :

The plaintiff called a deputy sheriff, who testified that he

resided in Haverhill, and knew Alexander, who kept a jewelry and crockery shop there; that before the insolvency he was directed to take possession of the goods in that shop by Carleton, who gave him a writ of replevin therefor against Alexander; that by virtue of that writ he took possession of a stock of goods in the shop, and delivered them to Carleton, who afterwards sold the goods by auction; and that he had not returned the replevin writ or made any further service of it, because Carleton told him, after receiving the property, that the matter had been settled between him and Alexander. The plaintiff also proved the proceedings in insolvency, the assignment of Alexander's property to him, a demand on the defendant for the property and his refusal to deliver it; and rested his case.

The defendant demurred to the evidence, and the judge ruled "that there was not sufficient evidence to justify the jury in finding a verdict for the plaintiff," and thereupon the jury returned a verdict for the defendant.

*H. Carter & J. A. Gillis,* for the plaintiff.

*B. F. Butler,* for the defendant. The presumption of ownership arising from the possession of the goods by Alexander is rebutted by the fact that Alexander never claimed them, while it does appear that the defendant claimed title to them, and that to that claim Alexander yielded.

MERRICK, J. Possession of the goods and chattels sued for by Alexander, in a shop kept by him before and at the time when they were taken by the defendant on this writ of replevin, was evidence tending to prove the title of Alexander thereto; and there being no proof that the replevin writ was given up and abandoned by or with the consent of Alexander, the evidence of possession should have been submitted to the jury for their consideration in determining the issue. *New trial ordered.*